**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| ANRI GORGISHELI,<br><br>Petitioner,<br><br>v.<br><br>ERIC ROKOSKY, *et al.*,<br><br>Respondents. | Civil Action No. 26-1741 (MAS)<br><br>**MEMORANDUM ORDER** |

This matter comes before the Court upon Petitioner's motion to enforce (ECF No. 10) the Court's order granting him a bond hearing. (ECF No. 4.) By way of background, Petitioner argued in his petition that he was improperly being held pursuant to 8 U.S.C. § 1225(b)(2). (ECF No. 1.) This Court agreed, and on February 21, 2026, ordered that the Government provide him with a bond hearing pursuant to 8 U.S.C. § 1226(a). (ECF No. 4.) Petitioner's bond hearing was held five days later, on February 26, 2026. (ECF No. 11-1.)

Petitioner appeared for the bond hearing with counsel and waived the right to have a translator present for the hearing. (ECF No. 11-2 at 2.) Petitioner's counsel appeared for the hearing but claimed to be unprepared based on short notice of the hearing. The immigration court, therefore, provided counsel several hours to prepare and to submit evidence on Petitioner's behalf. (*Id.* at 2-3.) Although Petitioner requested another continuance, the immigration judge denied that request because the judge believed that further delay may prevent the immigration court from completing the bond proceeding within the time set by this Court's Order. (ECF No. 3.) Notwithstanding the time frame, counsel for Petitioner withdrew his request for a further continuance, and prepared and filed a written motion for bond. (*Id.* at 4-5.) Petitioner was permitted to provide documentary evidence in support of his motion, including evidence of his

applications for relief from removal, and his pending appeal. (*Id.* at 5-6.) Counsel then argued, on Petitioner's behalf, that Petitioner was neither a flight risk nor a danger to the community. (*Id.* at 7.)

After the Government presented its arguments to the contrary, the immigration judge denied Petitioner's request for release on bond, finding that Petitioner had failed to meet his burden of proving he was not a flight risk. (*Id.* at 9.) The Court specifically noted that Petitioner had only been in the United States for a few years, did not have extensive ties to this country, had already been ordered removed, and, although he had a pending appeal of his removal order, had only limited prospects of success on that appeal. (*Id.*) The immigration judge thus weighed the evidence and found Petitioner to be a flight risk, which could not be mitigated by bond, and denied release. (*Id.*) Petitioner was informed of his appeal rights and the bond hearing concluded. (*Id.* at 9-10.) Petitioner now argues that the bond hearing did not comply with this Court's order given the limited notice of the hearing Petitioner's counsel received and the compressed time frame for uploading documents. Petitioner also argues that the immigration judge's decision was conclusory. (ECF No. 10.)

Petitioner's bond hearing was held pursuant to 8 U.S.C. § 1226(a), under which the Government may detain aliens, but must accord them with a bond hearing at which petitioners, and not the Government, bear the burden of demonstrating that they are neither a flight risk nor a danger to the community. *Id.*; *see also Borbot v. Warden Hudson Cnty. Corr. Facility*, 906 F.3d 274, 278-79 (3d Cir. 2018). Once a detained alien receives such a hearing and is denied bond, "[n]o court may set aside" the immigration judge's decision as to "the denial of bond." 8 U.S.C. § 1226(e). That a petitioner disagrees with how the immigration judge weighed the evidence serves as no basis for relief, and this Court has no jurisdiction to second-guess the immigration judge's decisions. 8 U.S.C. § 1226(e). Instead, this Court may only review bond hearings under

the statute for fundamental fairness. *See, e.g.*, *Ghanem v. Warden Essex Cnty. Corr. Facility*, No. 21-1908, 2022 WL 574624, at *2 (3d Cir. Feb. 25, 2022). An alien receives a fundamentally fair bond hearing when the bond hearing provides "factfinding based on a record produced before the decisionmaker and [which is] disclosed to him or her," an opportunity to "make arguments on his . . . own behalf," and the "right to an individualized determination of his . . interests." *Id.*

The Court has reviewed the transcript of Petitioner's bond hearing (ECF No. 11-2) and finds that Petitioner received a fundamentally fair hearing. Turning first to the issue of notice, although Petitioner complains of a lack of clear advance notice, he acknowledges that his bond hearing was held five days after this Court ordered that the bond hearing occur within ten days. Even if he did not know exactly when the hearing would be held, counsel was on notice that the hearing was forthcoming and thus had the opportunity to prepare. That counsel did not prepare the application for bond and prepare for a hearing following this Court's grant of a bond hearing does not render Petitioner's bond hearing fundamentally unfair. Indeed, although the immigration judge would not provide for a continuance and risk violating this Court's order, it delayed the hearing to allow counsel to prepare and submit his evidence, which the immigration judge clearly considered in reaching a determination.

The transcript of this matter reflects that: (1) Petitioner was permitted to submit evidence and present arguments in favor of his request for bond; (2) the immigration judge reached a decision based on the record before it, which was disclosed on the record to Petitioner; and (3) the immigration judge thereafter rendered a decision on the record with clear, albeit brief, reasoning for the decision. That is all that is required for a bond hearing to be fundamentally fair and satisfy both Due Process and this Court's order. *Ghanem*, 2022 WL 574624, at *2. That Petitioner disagrees with the immigration judge's weighing of the evidence and ultimate conclusion is no basis for relief. *Id.*

In his final argument, Petitioner asserts that, notwithstanding his failure to show an entitlement to release on bond at his bond hearing, he should in any event be entitled to further relief or a more protective bond hearing because he has been subject to detention for approximately one year. In making that argument, Petitioner relies on several cases discussing prolonged detention under 8 U.S.C. § 1226(c). The Third Circuit in *Borbot*, however, explicitly rejected the application of those cases and the more protective hearings they require in the § 1226(a) context. *See* 906 F.3d at 278-80. The Court of Appeals in *Borbot* left open the possibility that detention may, in a specific case, become so prolonged even under § 1226(a) that bond hearings would no longer sufficiently protect a detainee's interests. The Court of Appeals, however, found that the facts of *Borbot*, which involved detention for two and a half years, were insufficient to make out such a case. *Id.* at 280. Here, Petitioner's detention is sufficiently less prolonged than that which the Court of Appeals found insufficient in *Borbot*. Petitioner has thus not shown that his prolonged detention requires anything more than the bond hearing he already received pursuant to this Court's order in February 2026. As Petitioner has failed to show that his bond hearing did not comply with this Court's Order and the requirements of Due Process, his motion to enforce judgment (ECF No. 10) is without merit and must be denied as such.

**IT IS THEREFORE** on this 28th day of September, 2026, **ORDERED** that:

1. The Clerk of the Court shall reopen this matter for the purposes of this Order only;
2. Petitioner's motion to enforce this Court's judgment (ECF No. 10) is **DENIED**; and
3. The Clerk of the Court shall serve a copy of this Order upon the parties electronically and shall **CLOSE** the file.

[signature]
MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE